SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
MATT KLINGER, Cal. Bar No. 307362
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
Telephone:  415.434.9100
Facsimile:  415.434.3847
Email:   ssacks@sheppardmullin.com
          mklinger@sheppardmullin.com

Attorneys for Creditor, Corie Crowe

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>KAHALA COURTDEYA DRAIN<br><br>            Debtor, | Case No.: 17-41007<br><br>Chapter 13<br><br>**CREDITOR CORIE CROWE'S *AMENDED*[1] REPLY IN SUPPORT OF (i) OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN AND (ii) MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE**<br><br>Date:     July 25, 2017<br>Time:    1:30 p.m.<br>Place:   Courtroom 215<br>           1300 Clay Street<br>           Oakland, CA 94612<br>Judge:  Hon. Charles Novack |

---

[1] This amended reply (the "Amended Reply") is filed to rectify an incorrect reference to Ms. Crowe that appeared on page number 2, line 26 of *Creditor Corie Crowe's Reply in Support of (i) Objection to Confirmation of Debtor's Plan and (ii) Motion to Dismiss Debtor's Bankruptcy Case* filed on July 18, 2017 (the "Initial Reply"). [Dkt. No. 31]. In this Amended Reply, the reference to Ms. Crowe has been corrected to instead refer to the Debtor.

Creditor Corie Crowe ("Ms. Crowe") respectfully submits this reply to the Debtor's *Opposition to Motion to Dismiss and Response to Objection to Confirmation by Creditor Corie Crowe* (the "Opposition"), filed on July 11, 2017 [Dkt. No. 28].

In the Opposition, the Debtor obfuscates critical portions of Ms. Crowe's argument in her *Objection of Judgment Creditor Corie Crowe to Debtor's Plan of Reorganization* (the "Plan Objection") [Dkt. No. 16] and her *Motion to Dismiss Debtor's Bankruptcy Case; Memorandum of Points and Authorities* (the "Dismissal Motion") [Dkt. No. 21], and levels serious allegations against Ms. Crowe that have already been extensively litigated between the parties and decided completely in favor of Ms. Crowe. Ultimately, the Debtor's Opposition avoids addressing Ms. Crowe's main assertion in her Plan Objection and the Dismissal Motion, that nothing useful will occur if this bankruptcy case is allowed to proceed. Moreover, the Debtor's attempt to resurface claims against Ms. Crowe that have already been litigated (and decided in Ms. Crowe's favor) serves to support the assertion made in the Plan Objection and the Dismissal Motion that the Debtor filed her bankruptcy case out of animus toward Ms. Crowe.

According to the Opposition, Ms. Crowe's "main argument" is that the "Debtor has manipulated the bankruptcy code because the Debtor's student loan debt is non-dischargeable." (Opposition, p. 4, lines 15-16). In addition, the Debtor implies that Ms. Crowe believes the Debtor's payment of administrative expenses is per se evidence of bad faith. (See Opposition, p. 4-5, lines 28-1). Such statements reflect a misunderstanding of the Plan Objection and the Dismissal Motion, which do not argue that the presence of non-dischargeable student loan debt or payment of administrative expenses are per se evidence of bad faith. Instead, the argument in the Plan Objection and the Dismissal Motion is based on four simple facts: (i) there is extremely little prospect for reorganization in this case; (ii) the timing of this case shows it was filed out of animus toward Ms. Crowe and to avoid paying a judgment debt owed to Ms. Crowe; and (iii) the Debtor has a history of

bankruptcy filings; and (iv) egregious behavior is present because the Debtor's judgment debt to Ms. Crowe arose from an attack the Debtor led on Ms. Crowe.

A. **The Debtor has Very Little to Gain by This Case**

The Debtor does not dispute the assertion that her $42,780.00 in student loan debt is non-dischargeable. This debt alone comprises nearly 78 percent of the Debtor's total liabilities of $55,046.55, meaning the Debtor has limited prospects for reorganization if these loans were her only non-dischargeable debts.

In addition to the student loans, however, the Debtor owes a judgment debt of $7,236.65 to Ms. Crowe. As already found by the Superior Court of California, County of Alameda (the "Superior Court"), the medical expenses incurred by Ms. Crowe from an "unprovoked attack" on Ms. Crowe led by the Debtor form the basis of this debt. Ms. Crowe is concurrently filing her adversary complaint to determine that the debt is non-dischargeable. The Debtor will certainly have difficulty overcoming the application of collateral estoppel so that this court determines the debt arose from a willful and malicious injury and is non-dischargeable under Section 523(a)(6). Altogether, therefore, more than $50,000.00 of the Debtor's just over $55,000 in debts is non-dischargeable.

Moreover, this begs the question, if the Debtor is crumbling under her debts now, why would her situation be significantly different when she emerges from bankruptcy with virtually the same debts she now possesses? And the Debtor offers no facts suggesting that either the student loan debt or any of her dischargeable credit card debt have caused her financial stress so as to necessitate this Chapter 13 case. Instead, the only thing that the Debtor gains is putting off repayment of her debt to Ms. Crowe by incurring a nearly equivalent amount of attorneys' fees and trustee charges.

B. **The Costs of This Case Outweigh its Benefits**

If the Debtor is allowed to proceed, she will pay attorney, filing, and trustee fees totaling over $5,700, which is more than the amount the Debtor[2] will be able to discharge in connection with this case. After accounting for the distributions she has proposed making the creditors under her plan of reorganization, the Debtor will have paid more than $9,500.00 for the benefit of writing off less than $5,000 and deferring making any payments to her creditors for approximately eighteen months. In light of the minimal benefits of pursuing this bankruptcy, it's apparent that the Debtor's purpose in filing the case was not financial at all.

### C. Prior Litigation Shows the Debtor's True Intentions

The fact the Debtor stands to gain so little relief by filing this case raises the question why she filed it. The answer seems clear based on the case's timing: the Debtor filed for bankruptcy barely a week after her paycheck was first garnished in connection with the judgment debt she owes Ms. Crowe. In filing when she did, the Debtor showed she would rather pay attorneys' fees and other expenses for a bankruptcy that has no true prospect of reorganization than pay the judgment she owes Ms. Crowe. Moreover, the Debtor's filing for bankruptcy compels Ms. Crowe, who subsists on SSI benefits, to take complex legal action to protect her rights as a judgment debtor. In pursuing this bankruptcy, the Debtor is attempting to unfairly manipulate the Bankruptcy Code to continue her history of harassing and burdening Ms. Crowe.

Indeed, the Debtor's Opposition itself demonstrates that she has particular animus toward Ms. Crowe and wants to relitigate issues that have already been directly decided by the Superior Court. In the Opposition, the Debtor notes that she "disputes the allegations made by creditor, *particularly the allegation that Debtor assaulted Creditor*." [Opposition, p. 6, lines 19-21] (emphasis added). In addition, the Opposition includes a

---

[2] In the Initial Reply, this mention of the Debtor instead mistakenly referred to Ms. Crowe.

thirteen-line paragraph that appears to allege Ms. Crowe has harassed the Debtor, a claim the Debtor has already litigated and lost decisively in the Superior Court.

The history of legal action between the Debtor and Ms. Crowe is extensive and overwhelmingly shows that the Debtor has a history of harassing and causing trouble for Ms. Crowe. In various pleadings and hearings before the Superior Court, the Debtor has previously denied this history and leveled her own accusations against Ms. Crowe. The litigation between the Debtor and Ms. Crowe before the Superior Court includes the following pleadings and events:

1. On February 6, 2015, Ms. Crowe filed a Request for Civil Harassment Restraining Orders with the Superior Court in which she sought protection from the Debtor (the "Crowe Request"). A copy of the Crowe Request is attached as Exhibit A to the *Declaration of Corie Crowe in Support of Reply in Support of (i) Objection to Confirmation of Debtor's Plan and (ii) Motion to Dismiss Debtor's Bankruptcy Case* (the "Crowe Reply Declaration") filed concurrently herewith.

2. On February 23, 2015, the Debtor filed her response to the Crowe Request (the "Debtor Response"), to which response the Debtor attached, among other things, a three-page letter denying all of the accusations against the Debtor that were asserted in the Crowe Request and, attempting to turn the tables, asserting various accusations against Ms. Crowe. A copy of the Debtor Response is attached to the Crowe Reply Declaration as Exhibit B.

3. On September 23, 2015, the Debtor filed a Request for Civil Harassment Restraining Orders in which she sought protection from Ms. Crowe (the "Debtor Request"). A copy of the Debtor Request is attached to the Crowe Reply Declaration as Exhibit C. In the Debtor Request the Debtor makes some of the same allegations against Ms. Crowe that are also made in the Opposition, while also including various other serious allegations against Ms. Crowe. On September 30, 2015, the Superior Court entered its Notice of Court Hearing in which it denied the Debtor Request pending a hearing

scheduled for October 9, 2015 (the "Tentative Request Denial"). A copy of the Tentative Request Denial is attached to the Crowe Reply Declaration as Exhibit D.

4. At a December 14, 2015 hearing, the Superior Court extended Ms. Crowe's permanent civil harassment restraining order against the Debtor until February 27, 2019 and added the Debtor's daughter, Malain Brown as a restrained person. A copy of Ms. Crowe's Extended Restraining Order against the Debtor is attached to the Crowe Reply Declaration as Exhibit E. In addition, at the December 14, 2015 hearing the Superior Court issued its order dismissing the Debtor Request with prejudice (the "Dismissal With Prejudice Order"). A copy of the Minutes to the December 14, 2015 hearing showing that the Superior Court issued the Dismissal With Prejudice Order is attached to the Crowe Reply Declaration as Exhibit F.

These events belie the Debtor's claim in the Opposition that she has tried hard to avoid Ms. Crowe and has been the subject of harassment by Ms. Crowe. The truth is the exact opposite, it is Ms. Crowe who has been the subject of harassment by the Debtor and has been forced to hide in the shadows because of this harassment. The events in the Superior Court show that every time the Debtor's allegations have been explored in any detail, her claims have been determined to be fanciful. In this case the Debtor has again subjected herself to court scrutiny and, once again, her story warrants close inspection.

**D.  Conclusion**

The Bankruptcy Code is structured to be forgiving for the "honest but unfortunate" debtor. In this case, the Court has ample reason to question the Debtor's intentions. She has pursued a bankruptcy with little prospect of reorganization. She has proposed paying at least as much in fees as in claims she can discharge in this case. She has mischaracterized events that have already been fully litigated. She is subject to a judgment debt that arose from attacking another individual. She filed this case very shortly after finally suffering financial consequences from that attack. Due to these reasons, and for all

the other reasons stated above, the Debtor's case is motivated by bad faith and either her case should be dismissed or her plan should not be confirmed.

Dated: July 19, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Steven B. Sacks*
STEVEN B. SACKS
MATT KLINGER

Attorneys for Creditor, Corie Crowe